■ Rose Mastromauro, Respondent, v Norma C. Manno, Defendant and Fifth-Party Plaintiff-Appellant, et al., Defendants. Norma C. Manno, Appellant, v General Accident Group, General Accident Insurance Company of America, Fifth-Party Defendant-Respondent, et al., Fifth-Party Defendant.—In an action to recover damages for personal injuries sustained in an automobile accident, Norma C. Manno, appeals from an order of the Supreme Court, Queens County (Bambrick, J.), dated February 28, 1985, which, in her fifth-party claim for, *inter alia,* a declaratory judgment, denied her motion to compel certain discovery, granted the fifth-party defendant General Accident Group, General Accident Insurance Company of America's (hereinafter the insurer) cross motion for summary judgment, and declared that a certain automobile liability policy issued by the insurer to her does not provide coverage for the subject accident.

Order affirmed, with costs.

In 1979, Norma Manno owned a 1972 Buick, which is the subject of this action, and a 1976 Toyota. Both automobiles were covered under an insurance policy issued by the fifth-party defendant insurer. In or about November 1979, Ms. Manno transferred the ownership of the 1972 Buick to Thomas Schiels by giving him possession of the vehicle and indorsing the transfer portion of her registration. Ms. Manno then notified her insurance agent to delete the 1972 Buick from her insurance policy, but she maintained the policy to cover the Toyota.

Mr. Schiels did not reregister the Buick in his name but continued to use Ms. Manno's license plates on the vehicle. In February 1980, the plaintiff Rose Mastromauro suffered personal injuries when she was allegedly struck by the Buick driven by Mr. Schiels. Following the commencement of the underlying negligence action, Ms. Manno commenced the present fifth-party action seeking, *inter alia,* a judgment declaring the fifth-party defendant insurer obligated to defend and indemnify her in the main action under her automobile liability insurance policy.*

In response to a motion by Manno to compel certain discovery, the insurer cross-moved for summary judgment. Special Term denied Ms. Manno's motion and granted summary judgment in favor of the fifth-party defendant insurer, stating that the subject policy did not cover the accident at issue.

---

* It should be noted that Ms. Manno also named the Liberty Mutual Insurance Companies as a fifth-party defendant but the disposition of that claim is not relevant to this appeal.

Contrary to Ms. Manno's contentions on this appeal, no reasonable interpretation of the relevant provisions of the subject insurance policy provides a basis to conclude that coverage is available under the terms of the insurance policy for this accident. Although Ms. Manno concedes that coverage is not available under the provisions of the insurance policy concerning an "owned automobile", she erroneously urges that coverage is available under the provisions of the policy regarding a "non-owned automobile". The relevant provision of the insurance policy (part 1—Liability, Persons Insured) states under subdivision (b), that "with respect to non-owned automobiles", the following persons are insured:

"(1) the named insured,

"(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation of (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and

"(3) any other person or organization not owning or hiring the automobile, but only with respect to its or his liability because of the acts or omissions of an insured under (b) (1) or (2) above."

As stated by the Court of Appeals in *Dairylea Coop. v Rossal* (64 NY2d 1, 10), "[a] registered owner who transfers a vehicle without removing the license plates is estopped as against an injured third party from denying ownership, but the estoppel does not prevent his insurance carrier from denying ownership within the meaning of its policy as against another carrier". In rejecting arguments similar to those advanced by Ms. Manno in the present case, the Court of Appeals in *Dairylea Coop. v Rossal (supra,* at p 9) further stated "it is only where the policy by its terms covers the operator as an insured that the insurer of a vehicle's former owner will be liable to pay a judgment obtained against an operator-transferee after execution of a bill of sale or similar document *(General Acc. Fire & Life Assur. Corp. v Piazza,* 4 NY2d 659, 666; *Mason v Allstate Ins. Co.,* 12 AD2d 138, 144; cf. *Nationwide Mut. Ins. Co. v Liberty Mut. Ins. Co.,* 43 NY2d 810)".

By its terms the policy at issue excluded as an insured the owner of the "non-owned automobile". Moreover, besides the named insured Ms. Manno and her relatives, other persons were covered under this policy only when their liability arose because of the acts or omissions of the insured under subdivi-

sion (b), paragraphs (1) or (2). There is no reasonable basis to conclude that the language of the policy was intended to extend coverage to other persons merely because she neglected to remove her license plates from the vehicle after she transferred ownership. Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.